Catron, Ch. J.
(dissentients.) This controversy arises on the following covenant, viz: “By the 25th of December, 1831,1 will pay or cause to he paid to Joshua Townsend, two hundred dollars, for the consideration of his relinquishing to W. S. Gray, his title to fifty acres of land on the Hurricane Fork of Paint Rock. Given under my hand and seal this 28th August, 1830.
George Gray. [l. s.]
This obligation Townsend assigned to Jos. H. Bradford, who sued Gray thereon in the assignee’s name. The first count declares on the above, as on a mere bill single, for two hundred dollars, without averring that any relinquishment had been made, by Townsend to W. S. Gray. The next count avers, “that the said *466 Joshua Townsend did relinquish to the said W. S. Gray, his title to the fifty acres of land in the writing specified, to wit, on the 25th December, 1831. A third count avers readiness to perform, hut no offer. The whole declaration was demurred to, and the demurrer sustained. Has this instrument a condition precedent in it to he performed by Townsend, before Gray was hound to pay? To my view nothing is more clear. If it were intended to execute a mere sealed note, why not write it in the ordinary form? What is the plain and obvious sense to an ordinary mind? That Townsend should relinquish his title to fifty acres of land, in consideration of which George Gray should pay two hundred dollars, or cause it to be done by W. S. Gray. If authority could materially aid the common sense of mankind in construing an instrument obviously drawn without the least reference to technicalities, the authority is abundant, that Townsend had a condition precedent imposed on him. It matters not, says Lord Mansfield, in what form the covenant is drawn, or how transposed the dependent conditions are.— Kingston vs. Preston, 2 Burr. 893. 1 Chitty’s Pl. 279. 1 Term Rep. 645.
The words by which conditions precedent are usually created, are, for, in consideration of, provided, doing, performing, &c. 1 Chitty, 280. “In general, (says Chitty) if the agreement be, that one party should do an act, and for the doing thereof, the other shall pay a sum of money, the doing the act is a condition precedent to the payment, and the party who is to pay shall not be compelled to part with his money till the thing be performed.” If this rule (most accurately expressed above) has been violated by an English or American authority, I have no recollection of it. In cases of covenants for money, which might be discharged in bank notes, promissory notes, horses or cattle, a majority of this court has often and uniformly followed *467 the rule, for the last seven years I know, and I think, at all times. Let us apply the above rule to the covenant before us. Was not George Gray to do an act, to pay $200 fifteen months after the date of the covenant; and for the doing thereof, for, and in “consideration” of the two hundred dollars, was not Townsend to relinquish to W. S. Gray the fifty acres of land? To my mind, such is the covenant. The averment of performance is clearly bad. It neither shows the kind of deed of relinquishment Townsend made, that he made any, or that it was for the land. It lay upon him to aver and prove he had vested all his title, such as it was, in W. S. Gray. The declaration is demurred to, and we are to judge from its face, whether a lawful relinquishment was made. 1 Chitty’s Plead. 307. Wright vs Tuttle, 4 Day’s Rep. 313.
Taul, for plaintiff in error. ‘
Campbell, for defendant.
The foregoing are the only points on which the judgment is sought to be reversed. Were we to do so, it is to be feared the defendant, Gray, would be compelled to part with his money, and Townsend keep his land.
Judgment reversed.